IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:93-cr-310-ID |
| | ) | |
| J.W. MOORE | ) | (WO) |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is presently before the Court on a Motion Requesting Court Recommendation to Bureau of Prisons for Defendant's Participation in Second Chance Act (Doc. # 1636), which Defendant J.W. Moore ("Moore") filed on February 23, 2009. The Court has carefully considered the lengthy brief submitted in support of the Motion together with the applicable authorities. For the reasons set forth below, the Court finds that the Motion is due to be DENIED.

**Background**

On June 8, 1994, a jury convicted Moore of conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846. The Court sentenced Moore to life in prison on October 21, 1994, but on July 17, 2008, reduced his sentence to 360 months pursuant to a 18 U.S.C. § 3582 motion because of the recent amendments to the crack cocaine guidelines.

On February 23, 2009, Moore filed the instant Motion, in which he asks this Court to recommend to the Bureau of Prisons ("BOP") that he benefit from or participate in the

Second Chance Act of 2007. The Second Chance Act, which was signed into law on April 9, 2008, created a pilot program for "[e]lderly and family reunification for certain nonviolent offenders." Pub. L. No. 110-199 (codified in relevant part at 42 U.S.C. § 17541(g)). Moore argues that in light of his advanced age (he is 65), his various physical ailments, and the number of years (15) he has already served of his term, he should be released into the community, and that the Second Chance Act makes such a release possible. He asks this Court to recommend to the BOP that he be allowed to participate in the pilot program created by the Second Chance Act.

## Discussion

The Second Chance Act directs the Attorney General to conduct a pilot program "to determine the effectiveness of removing eligible elderly offenders from a Bureau of Prisons facility and placing such offenders on home detention" until their term of confinement has expired. 42 U.S.C. § 17451(g)(1)(A). The Attorney General is to conduct this pilot program in fiscal years 2009 and 2010 at one or more BOP facilities designated by him as appropriate for the pilot program. *Id.* § 17451(g)(3). The Attorney General may release some or all eligible elderly offenders from the BOP facility or facilities he designates. *Id.* § 17451(1)(B). Furthermore, because of the experimental nature of the program, the Attorney General is to monitor each eligible elderly offender placed on home detention under the pilot program and must report to Congress at the end of fiscal year 2010 on the success of the program. *Id.* § 17541(g)(4).

In order to be considered an "eligible elderly offender" for purposes of this program,

the offender must satisfy two sets of requirements in addition to being not less than 65 years of age. The first set concerns the nature of the crime for which the offender is incarcerated and his criminal history. The offender must: (1) be serving a term of imprisonment that is not life imprisonment based on conviction for an offense that does not include any crime of violence, sex offense, or other offense enumerated in the statute; (2) has served the greater of 10 years or 75% of the term of imprisonment imposed at sentencing; (3) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense enumerated in the statute. 42 U.S.C. § 17541(g)(5)(A)(i)-(iii).

In addition to the restrictions based on the nature of the offender's criminal history, however, there are other requirements that relate to the offender's adjustment while incarcerated. Some of these requirements require specific judgments and findings by the BOP with regard to a particular offender. So in addition to the elements enumerated in the preceding paragraph, in order to qualify, the offender: (1) must have not been determined by the BOP to have a history of violence or of sex offenses or the other offenses described in the statute,[1] (2) must have not escaped or attempted to escape from a BOP institution; (3) and with respect to whom the BOP has determined that release to home detention will result in a substantial net reduction of costs to the federal government; and (4) who has been determined by the BOP to be at no substantial risk of engaging in criminal conduct or of

---

[1] The BOP is empowered by the statute to make this determination "on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau." 42 U.S.C. § 17541(g)(5)(A)(iv).

endangering any person if released.

The Court cannot recommend to the BOP that Moore be allowed to participate in the pilot program under the Second Chance Act because Moore does not satisfy the first set of requirements. He has served 15 years of a 30-year sentence, and would therefore not be eligible for participation because the pilot program is open only to offenders who have served the *greater* of 10 years or 75% of the term imposed. Here, 75% of Moore's term is greater than 10 years and he has only served half of his term. Therefore, it does not appear that Moore is eligible to participate.

Even if Moore did meet the first set of requirements, the Court would not grant him relief. As a general matter, it is plain from the statute that the Attorney General is charged with administration of this pilot program, and the Court is not inclined to interfere with his authority in that regard. More specifically, the Court is unable and without authority to determine whether Moore satisfies the second set of requirements. Moore sets out in the Motion the facts he claims prove satisfaction of the requirements related to his criminal history. But he provides no information about the second set involving his adjustment while incarcerated and whether the BOP has made, or has not made, the requisite findings. For example, the Court does is not aware that the BOP has determined that release to home detention would result in net savings to the federal government. Similarly, the statute gives the Attorney General the power to designate one or more facilities for participation in the program, but the Court has no information that the facility where Moore is incarcerated was even selected for participation. The Court is unable to make these determinations, as the

statute places that authority in the province of the BOP and the Attorney General. *See Hoffenberg v. Warden, Fort Dix Prison*, No. 09-3375, 2009 WL 2778427 *6 (D. N.J. Aug. 31, 2009) (noting that the court could make no determination about whether the pilot program encompassed the inmates at Fort Dix or whether the offender met the other requirements, such as whether home confinement would result in net savings to the federal government). For these reasons, it would be improper and unfounded for the Court to make a recommendation that Moore should participate in the program.

Moore cites no authority for the proposition that this Court should make the sort of recommendation he requests. The Court has scoured the authorities and not found any federal case that supports the requested action—a recommendation that a particular defendant be allowed to participate in the pilot program under the Second Chance Act. There are several cases in which offenders asked a court to compel their participation through a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Hoffenberg*, 2009 WL 2778427, *Stanko v. Rios*, No. 08-4991, 2009 WL 1303969 (D. Minn. May 8, 2009); *Broderick v. Chapman*, No. 3:08-CV-1720, 2009 WL 1160129 (N.D. Tex. April 29, 2009). But those cases have uniformly denied relief for failure to exhaust administrative remedies. *See Hoffenberg*, 2009 WL 2778427; *Stanko*, 2009 WL 1303969; *Broderick,* 2009 WL 1160129; *Cox*, 2009 WL 233884. Thus, they do not support a grant of the relief Moore requests.

For the reasons set forth above it is CONSIDERED and ORDERED that the Motion Requesting Court Recommendation to Bureau of Prisons for Defendant's Participation in Second Chance Act (Doc. # 1636) be and the same is hereby DENIED.

Done this 11th day of September, 2009.

                                       /s/ Ira DeMent
                                   SENIOR UNITED STATES DISTRICT JUDGE